UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

UNITED STATES OF AMERICA, :

– *against* – :

ANTHONY STEELE, :

:

Defendant.

:

------------------------------------------------------x

08 Cr. 62 (JSR)

DECLARATION IN SUPPORT OF PRETRIAL MOTIONS PURSUANT TO RULE 12(b), FED.R.CRIM.P.

(filed electronically)

Aaron J. Mysliwiec, Esq., pursuant to 28 U.S.C. §1746, hereby affirms under penalty of perjury:

1. I am an associate in the Law Offices of Joshua L. Dratel, P.C. Mr. Dratel represents defendant Anthony Steele in the above-captioned case by CJA appointment. I make this declaration in support of Mr. Steele's Pretrial Motions pursuant to Rule 12(b), Fed.R.Crim.P.[1]

2. All statements herein are made upon information and belief, the source of the information and the grounds for the belief being a review of the materials provided by the government and conversations with the prosecutor.

3. The bases for these motions are set forth in detail in the accompanying Memorandum of Law. Also, it is respectfully requested that the facts set forth within that Memorandum of Law be incorporated by reference in this Declaration.

4. Attached to this Declaration as Exhibit 1 is the Indictment in *United States v. Anthony*

[1]As this Court is aware, Mr. Dratel is presently engaged in the trial of *United States v. Khalid Barnes*,(S9) 04-Cr.-0186(SCR). Therefore, I am submitting this declaration.

*Steele*, 08 Cr. 62 (JSR).

5. Included in the government's February 19, 2008 disclosure pursuant to Rule 16(a), Fed.R.Crim.P., was a New York City Police Department Property Clerk's Invoice, attached to this Declaration as Exhibit 2. According to that Invoice, Anthony Steele's "Date of Arrest" was September 17, 2007. *Id.* On March 24, 2008, Assistant United States Attorney Benjamin Naftalis informed me by electronic mail that the "Date of Arrest" on the Property Clerk's Invoice was incorrect and that Mr. Steele's arrest date was November 21, 2007. AUSA Naftalis also informed me that a "Nextel Boost Mobile Card" and a "Nextel SIM Card" indicated on the Property Clerk's Invoice were allegedly recovered from Mr. Steele "after Mr. Steele was arrested."

6. On March 24, 2008, AUSA Naftalis also informed me that he was in possession of a video statement of Mr. Steele that was taken by a law enforcement officer using a cell phone. AUSA Naftalis sent the video to me by electronic mail on the evening of March 24th, but I have been unable to view the video because, currently, I do not possess computer software that can play the video.

7. Attached to this Declaration as Exhibit 3 is a printed version of a WebCrims page from December 6, 2007.

8. Attached to this Declaration as Exhibit 4 is the Complaint in *United States v. Anthony Steele*, 07 MAG 1972.

9. Attached to this Declaration as Exhibit 5 is a Warrant for Arrest of Anthony Steele.

10. Attached to this Declaration as Exhibit 6 is an application for a writ of *habeas corpus ad prosequendum* of Anthony Steele.

11. Attached to this Declaration as Exhibit 7 is a Letter from AUSA Naftalis dated February 19, 2008.

12. Attached to this Declaration as Exhibit 8 are six photo arrays that contain a photograph of Mr. Steele.

13. Attached to this Declaration as Exhibit 9 are three photographs from video surveillance of one of the robbery locations.

WHEREFORE, it is respectfully requested that the Court grant Mr. Steele's Motions in their entirety.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. §1746. Executed March 25, 2006.

/S/
AARON J. MYSLIWIEC

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **INDICTMENT** |
| - v. - | : | 08 Cr. |
| ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - x

COUNT ONE
(Conspiracy)

The Grand Jury charges:

1. From in or about July 2007, to in or about October 2007, in the Southern District of New York and elsewhere, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 924(c) and 1951 of Title 18, United States Code.

2. It was a part and an object of the conspiracy that ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, and others known and unknown,

unlawfully, willfully, and knowingly, did conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE and BALARD, the defendants, together with others known and unknown, conspired to commit armed robbery of various commercial businesses.

3. It was a further part and an object of the conspiracy that ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did conspire, confederate, and agree together and with each other, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished during armed robberies of various commercial businesses, in violation of Title 18, United States Code, Section 924(c).

OVERT ACTS

4. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a. On or about October 7, 2007, STEELE and BALARD robbed, at gunpoint, a Deluxe Storage store located at 945 Atlantic Avenue, Brooklyn, New York.

b. On or about October 19, 2007, STEELE and BALARD robbed, at gunpoint, a Sears located at 2980 Third Avenue, Bronx, New York.

c. On or about October 27, 2007, STEELE and BALARD robbed, at gunpoint, a Family Dollar Store located at 4226 Third Avenue, Bronx, New York.

(Title 18, United States Code, Section 1951.)

COUNT TWO
(Hobbs Act Robbery #1)

The Grand Jury further charges:

5. On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section

1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE and BALARD, the defendants, and others known and unknown, robbed at gun point a Sears located at 2980 Third Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT THREE
(Use of Firearm - Robbery #1)

The Grand Jury further charges:

6. On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Two of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Two.

(Title 18, United States Code, Sections 924(c) and 2.)

COUNT FOUR
(Hobbs Act Robbery #2)

The Grand Jury further charges:

7. On or about October 27, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE and BALARD, the defendants, and others known and unknown, robbed at gun a Family Dollar Store located at 4226 Third Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT FIVE
(Use of Firearm - Robbery #2)

The Grand Jury further charges:

8. On or about October 27, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," and ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendants, and others known and unknown, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted

in a court of the United States, namely, the robbery charged in Count Four of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Four.

(Title 18, United States Code, Sections 924(c) and 2.)

COUNT SIX
(Hobbs Act Robbery #3)

The Grand Jury further charges:

9. On or about October 25, 2007, in the Southern District of New York, ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, BALARD, the defendant, and others known and unknown, robbed at gun point a Kentucky Fried Chicken located at 5625 Broadway, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT SEVEN
(Use of Firearm - Robbery #3)

The Grand Jury further charges:

10. On or about October 25, 2007, in the Southern District of New York, ZACHARY BALLARD, a/k/a "Zachary Balard," a/k/a "Little Zachary," a/k/a "Boobie," the defendant, and others known and unknown, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Six of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Six.

(Title 18, United States Code, Sections 924(c) and 2.)

COUNT EIGHT
(Hobbs Act Robbery #4)

The Grand Jury further charges:

11. On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined

in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE, the defendant, and others known and unknown, robbed at gun a White Castle Store located at 33 West Fordham Road, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT NINE
(Use of Firearm - Robbery #4)

The Grand Jury further charges:

12. On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, and others known and unknown, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Eight of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Eight.

(Title 18, United States Code, Sections 924(c) and 2.)

COUNT TEN
(Hobbs Act Robbery #5)

The Grand Jury further charges:

13. On or about October 14, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE, the defendant, and others known and unknown, robbed at gun point a Duane Reade located at 617 West 181st Street, New York, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT ELEVEN
(Use of a Firearm - Robbery #5)

The Grand Jury further charges:

14. On or about October 14, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Ten of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count Ten.

(Title 18, United States Code, Sections 924(c) and 2.)

FOREPERSON

MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**ANTHONY STEELE,**
**a/k/a "Tone,"**
**a/k/a "Fat Boy,"**

**ZACHARY BALLARD,**
**a/k/a "Zachary Balard,"**
**a/k/a "Little Zachary,"**
**a/k/a "Boobie,",**

**Defendants.**

---

**INDICTMENT**

08 Cr.

(18 U.S.C. §§ 2, 924(c), 1951.)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

[signature]
Foreperson.

---

# EXHIBIT 2

POLICE DEPARTMENT CITY OF NEW YORK

# PROPERTY CLERK'S INVOICE

PD 521-141 (Rev. 5/01)-Pent

*Check only one of the below categories.*

N966483

☐ ARREST EVIDENCE ☐ DECEDENT'S PROPERTY ☐ FOUND PROPERTY

☒ INVESTIGATORY ☐ PEDDLER PROPERTY ☐ OTHER

DATE PREPARED: 12/27 YR 07 PCT. 023

| Arresting/Assigned Officer | Rank | Shield No. | Tax Reg. No. | Command |
|---|---|---|---|---|
| PUSKAS | DET | [redacted] | [redacted] | CRS |

| Prisoner's Last Name, First | Age | Address (Include City, State, Zip Code, Apt.) | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|
| STEELE, ANTHONY | 24 | 680 Jefferson Ave APT1D BK | 1 | |

| Date of Arrest | Arrest No. | Charge/Offense Under Investigation | Fel. | Misd. | J.D. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| 09/17/07 | K07704601 | Robbery 1 | ☒ | ☐ | ☐ | ☐ | 7787/077 |

| | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| Finder of Property: A/O | | |
| Owner's Name (See Instructions): STEELE, ANTHONY | | |
| Complainant's Name | | |

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | (For Property Clerk's Use Only) DISPOSITION AND DATE |
|---|---|---|---|---|
| 01 | 01 | Nextel Boost Mobile Card | | |
| 02 | 01 | Nextel SIM Card# 000820851056300 | | |
| | | Part# SIMGBK005R | | |
| XXXXXXXXXX | XXXX | XXXXXXXXX Above is a complete list | of | items voucheredXXXXXXX |
| | | TOTAL | | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles

Pink Receipt Copy of Voucher Issued ☐ Yes ☐ Refused

**R.T.O.** Owner/Claimant's Signature Date Time

Property Clerk Storage Location

REMARKS: *Briefly explain why the property was taken into custody (see instructions on* BACK OF BLUE COPY).

Above is a complete list of items vouchered for investigatory evidence PSE # E819225. Above property is being vouchered in regards to citywide robbery pattern #29/2007.

Rank and Signature of Desk Officer [signature] Tax No. [redacted] Signature of Arresting/Assigned Officer [signature] Boro Storage No.

PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY: Rank Name Command

Property Clerk's Signature

N966483

93

DISTRIBUTION: WHITE - Prop. Clk. File SECOND WHITE - Inventory Unit Copy YELLOW - Prop. Clk. Work Copy PINK - Prisoner/Finder Receipt Copy GREEN - Evidence Release/Investigation Copy

# EXHIBIT 3







# *WebCrims*

## *Appearance Detail*

Charge Detail

Defendant Detail Close

You can receive an automatic email reminder of this court appearance either 7, 14, 21 or 28 days in advance of the appearance date. Simply click on the Email Notification button.

Email Notification

**KINGS Criminal Court**
**Docket 2007KN088502**
**Defendant STEELE, ANTHONY**

**Appearance Information:**

| Appearance Part & Date | Judge | Calendar Section | Court Reporter | Release Status | Arraignment Type | Hearing Type | Docket Detail |
|---|---|---|---|---|---|---|---|
| AP1F, January 10, 2008 | | Pending | | | | No Type | |
| AP1F, November 27, 2007 | GARNETT,W | Pending | FLOOD, | Bond $1 (Not Posted) | | No Type | CASE CONTINUED (ADJOURNED) - Temporary Order of Protection Issued |
| AP1F, November 26, 2007 | GARNETT,W | Pending | FLOOD, | Bond $20,000 Cash $10,000 (Not Posted) | | No Type | CASE CONTINUED (ADJOURNED) - Temporary Order of Protection Issued |
| APAR3, November 22, 2007 | WILSON,J | Pending | POLO, | Bond $20,000 Cash $10,000 (Not Posted) | Pre-Arraignment Deposition Given | | CASE CONTINUED (ADJOURNED) - Temporary Order of Protection Issued |

**Docket Information:**

| Standards and Goals Age | Defendant Status |
|---|---|
| | |

**Docket Sentence Information:**

| Docket Sentence |
|---|
| No Data Available |

**Defense Attorney Information:**

| Name | Type | Court Date | Court Part | Firm Name | Phone Number | Address |
|---|---|---|---|---|---|---|
| | Brooklyn Defender Service | November 22, 2007 | APAR3 | | | |

**Assistant District Attorney Information:**

| Name | Assignment Date |
|---|---|
| NA, | November 26, 2007 |

# EXHIBIT 4

07 MAG 1972

Approved: [signature]
BENJAMIN A. NAFTALIS
Assistant United States Attorney

Before: THE HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | SEALED COMPLAINT |
| -v.- | : | |
| ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," | : | Violation of 18 U.S.C. §§ 1951, 924(c), and 2 |
| Defendant. | : | COUNTY OF OFFENSE: BRONX |

- - - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

ROBERT CUCINOTTA, being sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and charges as follows:

COUNT ONE

On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, STEELE and others known and unknown robbed at gun point a Sears Part and Repairs Center located at 2980 Third Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT TWO

On or about October 19, 2007, in the Southern District of New York, ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, unlawfully, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count One of this Complaint, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which were brandished during the robbery referenced in Count One.

(Title 18, United States Code, Sections 924(c) and 2.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

1. I am a Special Agent with the ATF, assigned to the ATF/NYPD Joint Firearms Taskforce, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with other law-enforcement agents, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

ARMED ROBBERY OF SEARS

2. On or about November 7, November 8, and November 26, 2007, members of the NYPD investigated a report of an armed robbery of Sears Part and Repairs Center, 2980 Third Avenue, Bronx, New York ("Sears"). An NYPD detective interviewed an employee of Sears ("Victim-1"), who stated in substance and in part:

a. On October 19, 2007, at approximately 9:30 a.m., two black males entered the Sears, appearing to be customers. Victim-1 described one male, whom she later identified as ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, as approximately 5'5" to 5'6", wearing blue jeans and brown sweatshirt and in his mid-twenties. Victim-1 described the other male ("Coconspirator-1") as being approximately 5'5", wearing a hooded sweatshirt and blue jeans and in his mid-twenties.

b. Coconspirator-1 asked Victim-1 to speak to a manager about purchasing a television. Shortly thereafter, Coconspirator-1 pulled out a black firearm and pointed it at Victim-1. Coconspirator-1 then asked to be taken to the manager's office.

c. Victim-1 then led Coconspirator-1 and STEELE to the back of the store to the manager's office. Along the way, Coconspirator-1 and STEELE ordered another employee of Sears ("Victim-2") to do whatever Coconspirator-1 said to do.

d. Upon arriving at the manager's office on the second floor, the office manager ("Victim-3") was counting United States currency. Victim-3 later told Victim-1 that there was approximately $21,000 to $25,000 in the manager's office that day.

e. STEELE took Victim-1 and Victim-2 to the front of the store, and ordered them to empty the cash register. STEELE then took approximately $200-$300 from the cash register.

f. Thereafter, STEELE took Victim-1 and Victim-2 to another office in the store. A few minutes later, Coconspirator-1 led Victim-3 into that room. STEELE and Coconspirator-1 then ordered Victim-1, Victim-2, and Victim-3 to sit down, count to twenty, and then count to twenty again. STEELE and Coconspirator-1 then left.

g. On or about November 26, 2007, Victim-1 was shown a photo array of six black males, including the photo of ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant. Victim-1 identified STEELE as one of the male individuals who robbed the Sears on October 19, 2007.

3. On or about November 26, 2007, an NYPD detective interviewed another individual ("Victim-2"), who stated in substance and in part:

a. On or about November 26, 2007, Victim-2 was shown a photo array of six black males, including the photo of ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant. Victim-1 identified STEELE as one of the two male individuals who robbed the Sears on October 19, 2007.

4. On or about November 8, 2007, an NYPD detective interviewed another individual ("Victim-3"), who stated in substance and in part:

a. On October 19, 2007, two men robbed the Sears, where he was the manager.

b. Victim-3 was in his office on the second floor of the Sears counting approximately $21,000 to $25,000 dollars, i.e., the cash receipts from prior sales. All of the sudden, a black male in a brown sweatshirt pointed a gun at him and told him to stop what he was doing; asked him where was the money; and then told him to put the money in a bag. Victim-3 complied. The black male then asked Victim-3 for the security tapes of Sears, which Victim-3 then produced.

c. Thereafter, Victim-3 was brought into another room along with Victim-1 and Victim-2. Victim-1, Victim-2, and Victim-3 were then told to sit down, count to twenty, and then count to twenty again.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of ANTHONY STEELE, a/k/a "Tone," a/k/a "Fat Boy," the defendant, and that he be arrested, and imprisoned, or bailed, as the case may be.

ROBERT CUCINOTTA
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to before me this
__ day of November, 2007.

NOV 2 2 2007

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT 5

AUSA Benjamin Naftalis
212-637-2456

CR 12 (Rev. 6/82)

WARRANT FOR ARREST

| United States District Court | DISTRICT<br>SOUTHERN DISTRICT OF NEW YORK |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ANTHONY STEELE,<br>a/k/a "Tone,"<br>a/k/a "Fat Boy" | DOCKET NO. 07 MAG / MAGISTRATE'S CASE NO. 1972<br>NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED<br>ANTHONY STEELE,<br>a/k/a "Tone,"<br>a/k/a "Fat Boy" |
| WARRANT ISSUED ON THE BASIS OF: ☐ Order of Court ☐ Indictment ☐ Information X Complaint | DISTRICT OF ARREST |
| TO:<br>ANY AUTHORIZED FEDERAL LAW ENFORCEMENT OFFICER | CITY |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

**DESCRIPTION OF CHARGES**

Hobbs Act Robbery
Use of a Firearm in Connection with a Crime of Violence

| IN VIOLATION OF | UNITED STATES CODE TITLE 18 | SECTIONS § 1951, 924(c), and 2 |
|---|---|---|

| BAIL | OTHER CONDITIONS OF RELEASE | |
|---|---|---|
| ORDERED BY DEBRA FREEMAN UNITED STATES MAGISTRATE JUDGE SOUTHERN DISTRICT OF NEW YORK | SIGNATURE (FEDERAL JUDGE/U.S. MAGISTRATE) [signature] | DATE ORDERED NOV 2 1 2007 |
| CLERK OF COURT | (BY) DEPUTY CLERK | DATE ISSUED |

**RETURN**

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is executed.

# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA :

-v.- : 07 Mag. 1972

ANTHONY STEELE,

Defendant. :

- - - - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss:

BENJAMIN A. NAFTALIS, being duly sworn, deposes and says that he is an Assistant United States Attorney in the Office of Michael J. Garcia, United States Attorney for the Southern District of New York; that he is in charge of the above-entitled matter; that one ANTHONY STEELE (NYSID# 2676748P), now detained at Otis Bantum Correctional Center East Elmhusrt, New York, has been charged in an Indictment with violating Title 18, United States Code, Sections 1951, 924(c), and 2.

By this application, the Government seeks a writ of habeas corpus ad prosequendum, so that ANTHONY STEELE, the defendant, can be brought before this Court to be available for prosecution in the Complaint captioned United States v. Anthony Steele, 07 Mag. 1972. On prior application for similar relief has been made, but that writ has previously been satisfied.

WHEREFORE, your deponent respectfully prays that a writ of habeas corpus ad prosequendum issue, directing the Warden of Otis Bantum Correctional Center, the United States Marshal for

the Southern District of New York, or any other authorized law enforcement officers, including but not limited to Special Agents Anthony Melchiorri, Robert Cucinotta, and Peter Shahai of the Bureau of Alcohol, Tobacco, Firearms, And Explosives, to produce the above-named defendant to the custody of the Warden of the Metropolitan Correctional Center or the person in charge there, to be available for prosecution, as soon as the defendant is available and no later than on or about December 14, 2007, and to appear as necessary thereafter in that case until ANTHONY STEELE shall have been discharged or convicted and sentenced.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1746.

BENJAMIN A. NAFTALIS
Assistant United States Attorney
(212) 637-2456

Dated: November 28, 2007
New York, New York

# EXHIBIT 7



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 19, 2008

**BY HAND**

Joshua L. Dratel, Esq.
Aaron Mysliweic, Esq.
Joshua L. Dratel, P.C.
2 Wall Street, 3d Floor
New York, New York 10005

Martin Geduldig, Esq.
600 Old Country Road, Suite 320
Garden City, New York 11530

**Re: United States v. Ballard and Steel, 08 Cr. 62 (JSR)**

Dear Sirs:

This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

Disclosure By the Government

Based on your request for discovery in this case, I have enclosed copies of the following materials, which are stamped with control numbers 1 through 144:

1. the Indictment;

2. the Complaints;

3. Marshals' intake form for the defendants, including photograph;

4. the defendants' criminal history record;

5. the relevant photo arrays;

6. a copy of a hand written list of the recent calls and contact numbers for cell phones with the

numbers 347-235-5538, 718-913-2883, and 631-387-6611;

7. NYPD Property Clerk's Invoice - N966483;

8. Various surveillance photos and print-outs;

9. A xerox copy of the SIM Card referenced in N966483;

10. Copies of the defendants' telephone calls and visitor logs from the MCC and MDC;

11. Telephone toll and subscriber records for telephone numbers 347-248-5039, 646-620-8271, and 347-787-1021; and

12. Copies of eight CDs containing surveillance footage of the robberies charged in this case.

If you wish to inspect any of the evidence listed on the Property Clerk's Invoices, please let me know and I will make arrangements for you to do so.

The defendant Anthony Steele also made an oral statement when he was arrested at or around Riker's Island on or about December 3, 2007, in connection with his transfer from state to federal custody. On December 3, Steele was informed that he was under arrest pursuant to a federal investigation. Steele was read a waiver of rights form, and Steele then verbally invoked his right to counsel. While at an NYPD station house for arrest processing, Steele stated, in part and in substance, to an NYPD officer that if that officer had arrested him he would be a detective and would have a gold shield. Further, Steele stated to law enforcement that one of the law enforcement officer's gun was littler than a motherfucker and that his (Steele's) Hi-Point was bigger than that.

4. The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light.

The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial

Disclosure By the Defendant

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

Pursuant to Fed. R. Crim. P. 12.1(a), the Government hereby demands written notice if the defendant intends to offer a defense of alibi.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.1, 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

Sentence Reduction for Acceptance of Responsibility

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty four weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court.

Please be advised that unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose the two-point reduction under the Sentencing Guidelines for acceptance of responsibility based upon its untimeliness. U.S.S.G. § 3E.1(a), Appl. Note 1.(h).

Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: [signature]
Benjamin A. Naftalis
Assistant United States Attorney
(212) 637-2456

Encls.

# EXHIBIT 8

CREATED ON 11/08/2007 AT 1340 HOURS



1



2



3



4



5

L Bond



6

1215 11-13-07

WHITE CASTLE

# NEW YORK CITY POLICE DEPARTMENT




*Photographic Line-Up*



1 ____________



2 ____________



3 ____________



4 ____________



5 [signature]



6 ____________

Identification made : ☑ YES ☐ NO Photo selected : # 5

11/26/07 1553hrs S/A [signature] Det. William J. Porter

**Mugshot Pedigree**

Date of Identification : ____________ Initialed by the witness : ____________

NEW YORK CITY POLICE DEPARTMENT

SEARS




Identification made : [✓] YES [ ] NO

Photo selected : # 5

Date of Identification : 11/26/07 1735 hrs

Initialed by the witness : YF.

STACK:
OFFENDING COMMAND: timeout
ERROR: timeout

S/4 [signature]

SEARS

POLICE DEPARTMENT CITY OF NEW YORK




# NEW YORK CITY POLICE DEPARTMENT



*Photographic Line-Up*



1 ______



2 ______



3 ______

4 ______



5 ___KWS___



6 ______

Identification made : ☑ YES ☐ NO Photo selected : # 5

Date of Identification : 11/28/07 1630 HRS Initialed by the witness : KWS

Det William J Preston

STACK:
OFFENDING COMMAND: timeout
ERROR: timeout

DUANE READE



# NEW YORK CITY POLICE DEPARTMENT





*Photographic Line-Up*



1 ______



2 ______



3 ______



4 ______



5 ______



6 ______

Identification made : [X] YES [ ] NO

Photo selected : # 5

Date of Identification : 12-17-07

Initialed by the witness : ______

9:40 HRS

DELUXE STORAGE



# NEW YORK CITY POLICE DEPARTMENT



*Photographic Line-Up*



1 ______



2 ______



3 ______



4 ______



5 N W



6 ______

Identification made : [✓] YES [ ] NO Photo selected : # 5

Date of Identification : 1615 1/4/07 Mugshot Pedigree Initialed by the witness : NW



FAMILY DOLLAR

NEW YORK CITY POLICE DEPARTMENT

Det. William [signature]

# EXHIBIT 9





