LAW OFFICES OF
## JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

2 WALL STREET
3rd Floor
NEW YORK, NEW YORK 10005
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                            STEVEN WRIGHT
—                                                                           *Office Manager*
AARON MYSLIWIEC                                                             RYAN DUFFEY
ALICE L. FONTIER                                                            *Paralegal*
STUART A. WHITE
LINDSAY LEWIS

August 22, 2008

**BY ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    *United States v. Anthony Steele*,
                  08 Cr. 62 (JSR)

Dear Judge Rakoff:

      This letter is submitted in regard to the sentencing of Anthony Steele, defendant in the above-entitled case. I represent Mr. Steele by appointment under the Criminal Justice Act. Sentencing is scheduled for August 26, 2008, at 4:00 p.m.

      For reasons more specifically addressed below, it is respectfully requested that Anthony Steele receive a sentence that is "sufficient, but not greater than necessary to comply with the purposes set forth" in Title 18, United States Code, section 3553(a)(2). *See* 18 U.S.C. § 3553(a).[1] Mr. Steele pleaded guilty pursuant to a plea agreement. The plea agreement includes a United States Sentencing Guidelines calculation for his criminal history and for the offenses to which he pleaded that provides a sentencing range of 219-252 months' imprisonment. Pursuant to the plea agreement, Mr. Steele is not permitted to argue to this Court for a sentence outside of that range.

      The Pre-Sentence Report ("PSR") reached a different Guidelines calculation – finding

---

[1] Counsel is well aware from reported decisions that the Court is fully conscious of its obligations under 18 U.S.C. §3553(a), and its discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, this letter will dispense with any legal analysis regarding the parameters of post-*Booker* sentencing jurisprudence.

Hon. Jed S. Rakoff<br>
United States District Court<br>
Southern District of New York<br>
August 22, 2008<br>
Page 2 of 8

that the appropriate sentencing range is 154-171 months' imprisonment – and recommends a sentence of 154 months' imprisonment.

**A.**    *The Superseding Information & Plea Agreement*

On May 9, 2008, Anthony Steele entered a plea of guilty to a two-Count Superseding Information, charging (1) Count One – a conspiracy to commit a series of armed robberies in violation of Title 18, United States Code, Section 1951 and (2) Count Two – using and carrying a firearm during and in relation to the robbery conspiracy charged in Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2. Count One specifically included six overt acts that described six separate gunpoint robberies.

Mr. Steele also pleaded guilty to a Forfeiture Allegation in the Superseding Information that requires him to forfeit "[a] sum of money equal to $40,000.00 in United States currency, representing the amount of proceeds obtained as a result of the robbery charged in Count One[.]" Superseding Information at 3 (citing 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. Count One is punishable by up to 20 years' imprisonment, up to three years' supervised release, up to a $250,000 fine, and a $100 mandatory special assessment. *See* 18 U.S.C. §§ 1951, 3013, 3571 and 3583(b)(2). Count Two is punishable by a mandatory and consecutive seven years' imprisonment, up to 5 years' supervised release, up to a $250,000 fine, and a $100 special assessment. *See* 18 U.S.C. §§ 924(c)(1)(A)(ii), 3013, 3571 and 3583(b)(1).

Mr. Steele pleaded guilty to the Superseding Information as part of a plea agreement (the "Agreement"). (Court Exhibit One from the May 9, 2008, guilty plea proceeding). The Agreement includes a Guidelines calculation for each Count. Regarding Count One, because this offense of conviction involves a conspiracy to commit multiple Hobbs Act robberies of different victims on different occasions, the offense level is calculated in accordance with the provisions of §§ 3D1.1, 3D1.2, comment n. 8, 3D1.3 & 3D1.4, and each of the six overt acts comprises a separate Group for purposes of calculating the Combined Offense Level for Count One. The highest offense level of these Groups relates to Group Three (the third overt act in the Superseding Information, a robbery of a Sears on October 19, 2007). The Agreement's calculation for Group Three is as follows:

- Pursuant to § 2B3.1(a), the base offense level is 20;

- Because a firearm was otherwise used, six points are added pursuant to §2B3.1(b)(2)(B);[2]

---

[2] As discussed **post** at 4, the Probation Department determined that these 6 points should not be added and this is the reason for the difference between the Agreement's and the PSR's

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
August 22, 2008
Page 3 of 8

- Because victims of the robbery were restrained to facilitate commission of the offense, two points are added pursuant to § 2B3.1(b)(4)(B); and,

- Because the loss to the victims of the offense was more than $10,000, but not more than $50,000, one point is added pursuant to § 2B3.1(b)(7)(A).

Agreement at 3.

Accordingly, the offense level for the highest Group is 29 (20 + 6 + 2 + 1). As a result of the six Groups, six units are counted [*see* § 3D1.4(a)], and five levels are added to this level, resulting in an offense level of 34. Agreement at 5.

Because Mr. Steele was an organizer, leader, manager, or supervisor in a criminal activity, the Agreement adds two levels pursuant to § 3B1.1(c). Assuming that Mr. Steele has demonstrated acceptance of responsibility, a two-level reduction is warranted under § 3E.1.1(a). Finally, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Mr. Steele gave timely notice of his intention to enter a plea of guilty. Therefore, under the Agreement, the calculated applicable Guidelines offense level for Count One is 33 (29 + 5 + 2 - 2 - 1). For a person, such as Mr. Steele, with a Criminal History Category of I, a Level 33 Guidelines calculation results in a sentencing range of 135-168 months' imprisonment.

Under Count Two, charging Mr. Steele with using and carrying a firearm during and in relation to the robbery conspiracy charged in Count One, there is a statutory mandatory minimum sentence of 84 months' imprisonment, to run consecutively to any sentence resulting from Count One. Therefore, the plea agreement provides a Guidelines calculation for a sentencing range of 219-252 months' imprisonment.

Mr. Steele and the government also agreed that neither a downward nor an upward departure from the "Stipulated Guidelines Range" set forth above was warranted. Agreement at 6. Accordingly, neither party is permitted to seek a departure or any adjustment not included in the Agreement. In addition, both parties agreed not to "suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, or suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range." *Id.*

The parties also agreed that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, both parties agreed not to seek a sentence outside of this Range, suggest that the

---

respective Guidelines calculations for the total offense level.

Hon. Jed S. Rakoff<br>
United States District Court<br>
Southern District of New York<br>
August 22, 2008<br>
Page 4 of 8

Probation Department consider a sentence outside of that Range, or suggest that the Court *sua sponte* consider a sentence outside of this Range. *Id.*

**B.** *The Probation Department's Guidelines Calculation and Sentencing Recommendation of 154 Months' Imprisonment*

In contrast to the Agreement, for Count One the Probation Department's Guidelines calculation resulted in a total offense level of 27. PSR at ¶¶ 79, 82, 104. The six-level difference between the Probation Office's calculation and the calculation in the plea agreement is due to the Probation Office's interpretation of Guidelines § 2K2.4 Application Note 4. PSR at ¶ 105. The PSR agrees with the plea agreement in all other substantive respects.

The PSR concludes that Mr. Steele is not subject to a firearm enhancement on Count One because in Count Two he pleaded guilty to a violation of Title 18, United States Code, section 924(c). PSR at ¶ 105. The pertinent part of section 2K2.4 Application Note 4 reads: "If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." § 2K2.4, Application Note 4.

Mr. Steele pleaded guilty to Title 18, United States Code, section 924(c)(1)(A)(ii), a firearms enhancement, which according to the PSR and section 2K2.4, Application Note 4, means that six points are not added to the Guidelines calculation for Count One. *See* PSR at ¶ 105. As a result, the PSR sets forth a total offense level of 27 for Count One. For a person in Criminal History Category I, this results in a sentencing range of 70-87 months.

The PSR's calculation for Count Two is consistent with that in the Agreement. The PSR agrees that as a result of Mr. Steele's plea to Count Two a mandatory and consecutive seven years' (84 months') imprisonment must be added to Mr. Steele's sentencing range. *See* PSR at ¶¶ 103, 104. This results in a Guidelines calculated total sentencing range of 154-171 months' imprisonment. The Probation Department recommends the minimum sentence in that range, 154 months' imprisonment. PSR Sentencing Recommendation at 21.

**C.** *Consideration of 18 U.S.C. § 3553(a) Factors in Imposing a Sentence Sufficient, But Not Greater than Necessary, to Comply with the Purposes of Sentencing*

Title 18, United States Code, section 3553(a) sets forth factors that guide the Court in fashioning a sentence "sufficient, but not greater than necessary" to achieve the objectives of sentencing enumerated in § 3553(a)(2).

For this case, the relevant factors, with the exception of § 3553(a)(2), which is set forth **post** at 7, are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

\*      \*      \*

(3) the kinds of sentences available; [and]

\*      \*      \*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

Application of these factors in this case and to Mr. Steele is specifically addressed below.

1. *The Nature and Circumstances of the Offense, Mr. Steele's Personal History and Characteristics, and His Initial Efforts at Rehabilitation*

The nature and circumstances of the offense are serious. Indeed, Mr. Steele's decision to enter the plea agreement demonstrates that he understands that clearly. In Count One, he pleaded guilty to a conspiracy that involved several armed robberies. There are several victims who no doubt have suffered both financially and emotionally from Mr. Steele's conduct.

In these circumstances, there are no excuses for such conduct, and Mr. Steele understands that as well. At best, there can be an objective, measured consideration of the offense conduct. In this case, while there were many victims and many armed robberies, it is worth noting the absence of some circumstances and conduct. For instance, Mr. Steele did not physically beat or strike any victim. Further, Mr. Steele did not shoot any victim or fire a gun during any of the conduct.

Mr. Steele's personal history and characteristics evidence a person beyond just the circumstances of the offense in this case. Mr. Steele is 25 years old and has no prior criminal convictions. Mr. Steele grew up in a single-parent home with many disadvantages. His father left his mother after his birth and Mr. Steele has never known him. PSR at ¶ 83. While Mr. Steele has been employed at different times in manufacturing and construction, his lack of a proper education prevented him from securing gainful employment that could provide substantial income. *See* PSR at ¶¶ 97-99, and at p. 22.

Mr. Steele has severe educational deficiencies. In High School, Mr. Steele was enrolled in a special education curriculum due to a learning disability. PSR at ¶ 95; *see also* July 29, 2008 Letter from Assistant Principal N. Boyce of Boys & Girls H.S. (Exhibit 1). Despite that learning disability, he achieved minor successes, but eventually dropped out in the tenth grade. *Id.*; *see also* P.S. 305 Certificates of Merit (Exhibit 2). While detained pending his sentencing, Mr. Steele has attempted to enroll in a General Education Degree (hereinafter "GED") program. Due to a separation order, presumably with his co-defendant Zachary Ballard, Metropolitan Correctional Center regulations have thus far restricted his access to GED classes. Mr. Steele is interested in pursuing a GED, however, at his first available opportunity.

Mr. Steele also has the support of his family. He is engaged to be married to Ms. Gloria Stanford, PSR at ¶ 88, who currently attends college and works full-time. His mother, Barbara Steele, has supported him throughout his life and continues to do so. PSR at ¶ 86. As part of his sentencing, Mr. Steele respectfully requests that the Court recommend that he serve his sentence in the closest appropriate facility so his mother, who is ill, may continue to visit him. His family's support has helped Mr. Steele cope with his incarceration.

Mr. Steele grew up with six half-siblings, and without any male role models at home. PSR at ¶¶ 83-84. Thus, Mr. Steele's younger siblings often looked to him as a father-figure. July 18, 2008 Letter of Dominick Moise & July 25, 2008 Letter of Dominique Previl (Exhibit 3). He often resolved his siblings' disputes and encouraged them to stay in school. *Id*. His mother specifically looked to Mr. Steele for this kind of support. July 25, 2008 Letter of Barbara Steele (Exhibit 4). He would often pick up his siblings after school. *Id*. His mother thinks of Mr. Steele as the best kind of son a parent could have. *Id*.

Mr. Steele has also made some initial progress towards rehabilitation while incarcerated. Mr. Steele began using marijuana when he was 13 years old. PSR at ¶ 93. In addition, his grandmother died in 2001, and shortly thereafter Mr. Steele began using cocaine to cope with his sadness about her death. PSR at ¶ 94. During pre-sentence detention, Mr. Steele has begun addressing his drug use by completing a Positive Life-Style Program. July 30, 2008 certificate of completion & August 18, 2008 Memorandum of Drug Treatment Specialist (Exhibit 5).

    2.    *The Plea Agreement and the Pre-Sentence Report Describe the Available Sentences and Such a Sentence Would Not Lead to Unwarranted Sentencing Disparities Among Defendants With Similar Records Who Have Been Found Guilty of Similar Conduct*

Title 18, United States Code, section 3553(a)(3) requires this Court to consider the "kinds of sentences available." Both the plea agreement and the PSR indicate available sentences. The Agreement outlines an available sentencing range of 219-252 months' imprisonment. The PSR outlines an available sentencing range of 154-171 months' imprisonment, and recommends a

sentence of 154 months' imprisonment.

Section 3553(a)(6) requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). This is not a case that involves comparing Mr. Steele to several co-defendants. There is only one co-defendant, Zachary Ballard, and his circumstances are materially different from Mr. Steele's. Mr. Ballard did not accept responsibility, enter a plea agreement and plead guilty to a Superseding Information that contained only Two Counts. Instead, Mr. Ballard went to trial and was convicted of all Counts. Therefore, sentencing Mr. Steele to one of the described available sentences would not lead to an unwarranted disparity between him and his co-defendant. It would also not lead to any other unwarranted disparities in sentencing.

     3.    *Consideration of the Sentencing Objectives Enumerated In 18 U.S.C. §3553(a)(2)*

Section 3553(a)(2) enumerates the following purposes of sentencing:

> (2) the need for the sentence imposed –
>
>     (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B)    to afford adequate deterrence to criminal conduct;
>
>     (C)    to protect the public from further crimes of the defendant; and
>
>     (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Regarding purpose (A), it is respectfully submitted that a sentence from one of the previously described available sentences reflects the seriousness of the robberies, promotes respect for the law and provides just punishment for the robberies in the context of Mr. Steele's public and complete candor to this Court. Such a sentence would also comply with purposes (B)

and (C) because it would adequately deter Mr. Steele and others from similar conduct, and protect the public from further crimes by Mr. Steele. Regarding sentencing purpose (D), it is respectfully submitted that a sentence in accord with the available sentences will provide Mr. Steele the necessary structure and opportunity to obtain his GED and other correctional treatment.

## Conclusion

For the foregoing reasons, it is respectfully requested that, consistent with §3553(a), this Court impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing.

Respectfully submitted,

/s/

Joshua L. Dratel

cc:   Benjamin Naftalis
      Assistant United States Attorney

      Mark Johnson
      United States Probation Officer

# BOYS AND GIRLS HIGH SCHOOL

1700 FULTON STREET – BROOKLYN, NEW YORK – 11213
PHONE: 718-467-1700

SPENCER D. A. HOLDER, PRINCIPAL

## NOTICE OF ADMISSION/DISCHARGE

NAME: Anthony Steele

DATE OF BIRTH: 02/11/83

OSIS#: 239 458 805

ADMISSION DATE: 9/9/98

DISCHARGE DATE: 6/28/00

_____  NBoyce   7/29/08
Geraldine Ragland                 DATE
Pupil Accounting Secretary

At the time Anthony Steele was enrolled at BGHS he was in Special Education (12:1:1) and receiving counseling services. NBoyce, Asst. Principal, Special Education

**"THE PRIDE AND JOY OF BED STUY"**

# certificate of Merit

Anthony Steele

is awarded this certificate in recognition of

Outstanding Science Skills

Presented at P.S. 305
this 23rd day of June, 1994.

Mrs. E. McKay (Grade Leader)

Class 4-336

T-328 © 1979 TREND enterprises, Inc., St. Paul, MN 55164

Printed in U

# certificate of Merit

__Anthony Steele__

is awarded this certificate in recognition of

__Most Improved__

Presented at __P.S. 305__

this __24__ day of __June__, 19__88__.

_Ms. C. K___

T-328 © 1979 TREND enterprises, Inc. St. Paul, MN 55164

Printed in U

1/18/05

To whom it may concern

Anthony is a great brother.
I was his youngest brother and he loved me.
He helped my whole family out.
He rewarded me when I did good.
He used to pick me up from school.
He was always telling me to do good in school.
He used to pick me up from school.
He used to watch me until my mother came home from work.
He gave me advice with everything I worry about.
He is my favorite brother and I love him.

Sincerly, Dominick Moise

July 25, 2008

To whom it may concern,
My name is Dominique Previl and I am 15 yrs. old, and I am Anthony Steele's sister. My brother Anthony is very special to me. He treats me nice, special and is always there for me. He's like a father to me and I love him. I will never forget the time when my sister and I got into an altercation and my brother saved me. Even though I was wrong and started it, he still took my side. My brother used to spoil me. Anything I wanted you better believe he gave it to me. I love my brother Anthony Steele and if he was to ever leave, I wouldn't know what I will do. I miss my brother, father figure and best friend.

With love
Dominique Previl
Dominique P.

July 25, 2008

To The Honorable Judge

Good Morning,

My name is Barbra Steele and I am the parent of Anthony Michael Steele.

I'm writing this letter today just to tell you a few things about the kind of person Anthony is.

Anthony was always a happy and helpful child.

He never gave me a problems, always at my side when I needed something done.

Anthony has a learning disability and in school he was in a special education program.

Never did he talk back to me when being told to do something, just the best son you could ever wish for.

Not saying that Anthony is perfect but this is the way I feel about my son.

I'm a single mother of eight and sometimes I say to myself is there something that maybe I could have done different.

Did I fail my son in some way?

Then I answer myself, No I did the best that I could providing for my children without a male around to help.

It's hard trying to raise male children without a male figure in the home

Not impossible, just hard.

There are things that only a Father can teach his sons that a mother can not and that's being a man.

I know that this is the hand that <u>God</u> gave me so I have to play it to the best of my ability.

I love Anthony and you would too if you were given a chance to know him.

Always smiling and willing to help anyone in need, not to say that he's perfect no one is, only <u>Our Father</u> in <u>Heaven</u>.

One thing I ask is that you look at Anthony Steele the person and not for the things he may have done and give him a chance to show you the real <u>Anthony Michael Steele</u>.

Anthony may have done a __bad__ thing but, that does not make him a __bad__ person.

God have already forgiven Anthony for his __sins__, so I'm willing to forgive him also.

There are some words I live by everyday, that I would like to share with you.

Weeping may endure for one night
But Joy is coming in the morning light
__God__ is __Good__ and I __Trust__ Him

Please keep Anthony near so I can visit him, because my health is not so good and the long travel is bad for me.

God Bless You

Thank You
Barbra Jean Steele



United States Department of Justice
Federal Bureau of Prisons

**ANTHONY STEELE**

has satisfactorily completed the requirements for **POSITIVE LIFE-STYLE** and is hereby awarded this

Certificate of Achievement

7-30-08
Date

Drug Treatment Specialist

D. A. P. Coordinator

United States Government
MEMORANDUM

DATE: August 18, 2008

REPLY TO   Gibbon Douglas
ATTN OF:   Drug Treatment Specialist

SUBJECT:   Steele, Anthony 60578-054

TO:   Central File

This is to confirm that Anthony Steele has successfully completed the Positive Life-style Program. The Positive Life-style Program teaches inmates how to examine their present behavioral patterns and how changes can bring about better results. Common topics include substance abuse, interpersonal skill building, parenting, errors in thinking, post release survival, and anger management. Mr. Steele actively participated in group discussions, and had excellent attendance.