```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :    GOVERNMENT'S SENTENCING
                                     MEMORANDUM
         - v. -                 :
                                     S1 08 Cr. 62 (JSR)
ANTHONY STEELE,                 :

              Defendant.        :

- - - - - - - - - - - - - - - - x
```

SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA

MICHAEL J. GARCIA
*United States Attorney for the Southern District of New York Attorney for the United States of America*

BENJAMIN NAFTALIS
Assistant United States Attorney,
*Of Counsel*



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 24, 2008

**BY HAND AND ECF FILING**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>       Re:   United States v. Anthony Steele,
>             S1 08 Cr. 62 (JSR)

Dear Judge Rakoff:

The Government respectfully submits this letter in advance of the sentencing of Anthony Steele (the "defendant"), which is scheduled for Tuesday, August 26, 2008, at 4:00 p.m. For the reasons that follow, the Court should impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes set forth" in Title 18, United States Code, section 3553(a)(2).

## Background

### A.   Offense Conduct

Having presided over the recent trial of the defendant's coconspirator (Zachary Ballard), the Government assumes the Court's familiarity with the underlying facts and details regarding the bulk of the defendant's conduct. Specifically, the defendant committed the following five gunpoint robberies in October, 2007, with Ballard:

1. Deluxe Storage, 945 Atlantic Avenue, Brooklyn, New York (10/07/07)
2. Sears, 2980 3rd Avenue, Bronx, New York (10/19/07)
3. Family Dollar, 4226 3rd Avenue, Bronx, New York (10/27/07)

      4.    Kentucky Fried Chicken, 5625 Broadway, Bronx, New York (10/25/07)
      5.    Duane Reade, 617 West 181st Street, New York, New York (10/14/07)

The defendant also pleaded guilty to robbing a White Castle restaurant located at 33 West Fordham Road, Bronx, New York, on October 19, 2007. Lastly, the defendant admitted, as part of his plea agreement with the Government, that he robbed approximately twenty-two (22) additional commercial businesses between July, 2007 and November, 2007. (See Plea Agreement dated May 8, 2008 (the "Agreement") at 2 (previously marked as Court Exhibit 1); PSR ¶ 17). These robberies followed a similar pattern: generally, the defendant and his parter entered these businesses wearing hooded sweatshirts and baseball caps; demanded to talk to the store manager; and forced the store employees to open the safe and cash registers -- all at gunpoint. After taking the cash, the robbers fled the scene. (PSR ¶ 21).

The defendant is presently remanded.

### B. The Information and Plea Agreement

On May 9, 2008, the defendant pleaded guilty, pursuant to a plea agreement, before this Court to Information S1 08 Cr. 62 (JSR). Count One charged the defendant with participating in a conspiracy to commit robbery from July, 2007 through November, 2007, in violation of Title 18, United States Code, Section 1951. Count Two charged the defendant with using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence — namely the robbery conspiracy charged in Count One — in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

Under the terms of the plea agreement, the defendant stipulated to a Guidelines offense level of 33 (as to Count 1) and Criminal History Category of I, resulting in a Guidelines Range of 135 to 168 months imprisonment on Count 1. Further, the defendant stipulated that that Guidelines range is increased by a mandatory consecutive sentence of 84 months on Count 2. Accordingly, the defendant stipulated to a total Sentencing Guidelines range of 219 to 252 month's imprisonment (the "Stipulated Guidelines Range"), to be followed by up to five year's supervised release.

The Government and the defendant also agreed that neither a downward nor an upward departure from the "Stipulated Guidelines Range" set forth above was warranted. (Agreement at

6). Accordingly, neither party is permitted to seek a departure or any adjustment not included in the Agreement. In addition, both parties agreed not to "suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, or suggest that the Court sua sponte consider a sentence outside of the Stipulated Guidelines Range." (Id.).

The parties also agreed that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, both parties agreed not to seek a sentence outside of this Range, suggest that the Probation Department consider a sentence outside of that Range, or suggest that the Court sua sponte consider a sentence outside of this Range. (Id.).

C.  **Guidelines Calculation**

The Presentence Investigation Report ("PSR") calculated a total offense level of 27 for Count One. (PSR ¶¶ 79, 82, 104). (The six-level variance between the PSR's calculation and the plea agreement's calculation is due to the Probation Office's interpretation of Guidelines § 2K2.4, Application Note 4. (PSR ¶ 105). The PSR mirrors the terms of the plea agreement in all other substantive respects.

Under the PSR, the defendant has an Offense Level of 27 for Count 1; and at Criminal History Category 1, this results in a Guidelines Range of 70-87 months' for Count 1. The PSR concludes that no firearms enhancement applies, because the defendant was convicted of a separate firearms offense, to wit, 18 U.S.C. § 924(c). See PSR ¶ 61; U.S.S.G. § 2K2.4, application note 4. Further, the PSR concludes that that range (of 70-87 months) is increased by a mandatory consecutive sentence of 84 months on Count 2. This results in a Guidelines calculated total sentencing range of 154-171 months' imprisonment (the "PSR's Guidelines Range"). The PSR recommends the minimum sentence in that range, 154 months' imprisonment. (PSR ¶ 21).

## Discussion

The Government respectfully recommends that the Court fashion a sentence "sufficient, but not greater than necessary" to achieve the objectives of sentencing enumerated in § 3553(a)(2).

### A. The Guidelines Provide A Benchmark In Determining The Appropriate Sentence

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *Gall* v. *United States*, 128 S. Ct. at 596-97.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within the Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 128 S. Ct. at 596-97 & n.6 Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 2007 WL 4292116, at *6; see also *Rita v. United States*, 127 S. Ct. at 2464. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 128 S. Ct. at 597.

One of the important reasons why the Guidelines should be given substantial weight is that they represent the reasoned judgment of the United States Sentencing Commission. See *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006). The Sentencing Commission is a body of experts whose statutory mission is to apply "research, experience, and analysis" to promulgate guidelines that will "further the basic purposes of criminal punishment: deterrence, incapacitation, just punishment, and rehabilitation." U.S.S.G. Ch. 1, Pt. A, § 2. Because these basic purposes of criminal punishment — which essentially mirror the purposes that this Court must consider pursuant to Section 3553(a)(2) — are inherently abstract, it is difficult to overstate the value of the perspective of a national commission whose charter is to collect and analyze data on sentences imposed throughout the nation. Absent the national perspective they provide, it is hard to imagine how the sentencing factor identified in Section 3553(a)(6) — namely, "the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct" — could be meaningfully considered at all.

Here, the Probation Department has recommended a specific sentence: 70 months' imprisonment on Count 1 (i.e., the low end of the Guidelines Range) to be followed by a mandatory and consecutive sentence of 84 months' imprisonment on Count 2. (PSR at 21). This range is substantially below the Stipulated Guidelines Range that the defendant agreed to be bound by in his plea agreement and is at the lowest end of the PSR's Guidelines Range.

**B. The Sentence Recommended by Probation Does Not Adequately Take Account of the Nature and Characteristics of the Offense, the Characteristics of the Defendant, or the Need to Avoid Unwarranted Sentencing Disparities**

The defendant concedes that the nature and circumstances of his offense are "serious." (Letter of Joshua L. Dratel, Esq. dated August 22, 2008 ("Def. Ltr.") at 1). And they are. That the defendant has taken responsibility for his actions does not change the fact that he robbed numerous commercial business at gunpoint. That no one was injured during the course of these is fortunate, indeed.

The scope and nature of the offense is not adequately taken into account by the Probation Department or the defendant. The PSR recommends a sentence of 70 months' for Count 1 -- the lowest end of the PSR's Guidelines Range -- plus 84 months' for Count 2. (PSR at 21, 22). But the PSR and the defendant do not explain <u>why</u> the lowest possible Guidelines sentence is appropriate for a defendant who committed myriad gun point robberies: five specific gunpoint robberies plus approximately 22 additional gunpoint robberies. Rather, the Probation Department justifies the 70 month sentence with the following cursory justification: "Given the details of the offense, we believe that 70 months on Count 1, plus 84 months on Count 2, for a total of 154 months, should satisfy the sentencing objectives of punishment, deterrence and protection of the community." (PSR at 22). Nor does the PSR or the defendant adequately set forth why the lowest possible sentence would not lead to an unwarranted sentencing disparity between the defendant, his co-defendant, or any other serial robber.

The defendant implicitly argues that his age, education background, and family circumstances are relevant and should be taken into account. The Government disagrees. The age and criminal history of the defendant are anticipated by the

Guidelines. See U.S.S.G. § 4A1.1. And there is nothing remarkable about the defendant's education or family situations.

Accordingly, the Government submits that the Court should materially consider the scope and nature of the defendant's criminal conduct more significantly when fashioning the appropriate sentence, especially in light of the fact that the defendant has specifically stipulated that a sentence with the Stipulated Guidelines Range (of 219 to 252 months' for both counts) "would constitute a reasonable sentence in light of all the factors set forth in Title 18, United States Code, Section 3553(a)." (Agreement at 6).

## Conclusion

For the foregoing reasons, the Government respectfully urges the Court to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes set forth" in Title 18, United States Code, section 3553(a)(2).

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____
BENJAMIN NAFTALIS
Assistant United States Attorney
(212) 637-2456

cc: Joshua Dratel, Esq.
Aaron Mysliwiec, Esq.

Mark Johnson
United States Probation Officer